OPINION OF THE COURT
Edwina G. Richardson-Mendelson, J.
These are adoption petitions filed by a mother, Ms. F.J., and daughter, Ms. I.J.,* who are the paternal grandmother and aunt, respectively, of the three siblings who are the subjects of the *305 petitions. The parental rights of the subject children’s mother were terminated by this court on February 14, 2005. The putative father of the subject children was unknown at the time the petitions to terminate parental rights were filed, but he was later identified as Mr. J., the son of petitioner F.J. Notices of proposed adoption were served on Mr. J. on or about July 22, 2008 and Daniel Moskowitz, Esq. was appointed to represent him. As part of these adoption proceedings, it was determined that under Domestic Relations Law § 111, Mr. J. is not a person whose consent to this adoption is required. Mr. J., because he filed with the putative father registry an instrument acknowledging paternity of the subject children, was offered, pursuant to Domestic Relations Law § 111-a (2) (h), an opportunity to present evidence to the court relevant to the best interests of the children. Through his attorney, Mr. J. declined to present any evidence.
A., born March 20, 1994, S., born June 11, 1995, and Q., born May 2, 2000, lived in multiple foster placements since 1999. Initially, they were placed in nonkinship foster care. The petitioners, who live together, learned in 2002 that the girls were in foster care and they asked to have the children placed with them. The children were placed with petitioner F.J. on January 15, 2002.
According to the comprehensive adoption report, submitted to the court by The New York Foundling Hospital, the subject children, who are now aged 15, 14 and 9, all wish to be adopted by both petitioners. The children and the petitioners have functioned as one family unit and the children perceive both petitioners as their parents. The petitioners share duties and responsibilities as in a typical two-parent family. A. refers to the two petitioners as her “two mothers.” The comprehensive adoption report finds that this joint adoption would be in the best interest of the children.
This matter, however, presents to the court an unusual situation. Although joint adoptions by unmarried persons are now commonly approved, the approved adoptions are virtually all by couples in long-term intimate relationships who are committed to staying together. This is not the case here. This court is not faced with an application by a couple. It is an application by a mother and daughter who happen to live together. The court’s concern that these petitioners might at any moment be separated by, for example, the marriage of either of them, was addressed at a hearing conducted on January 18, 2008. At the *306 hearing, the petitioners reported that they intended to continue to live together but they also reported that I.J. was engaged to be married to her partner of 20 years. The petitioners reported that they intended to buy a two-family house in which F.J. would live with A. and S. in one apartment and I.J. would live with her fiancé and Q. in another. The petitions state that from the time of the adoption, A. and S. would take F.J.’s last name and Q. would take I.J.’s last name. This, too, raised concerns as to the effects of this proposed arrangement on the children and the risk that the siblings might be separated.
The petitioners stated that they both love all the children and they do not intend for the children to be separated. The attorney for the children, in her memorandum of law in support of the adoption, stated that she has known the petitioners and the children for many years and although there is no guarantee of what the future holds, “it is clear that the love that the petitioners have for the girls and for each other is so profound that there could be no situation which would irreparably undermine their relationships.” The attorney for the children went on to argue that whether the adoption is granted to one or both of the petitioners, the family will continue to exist as it is currently constituted.
Over the course of their turbulent lives, these subject children have found happiness in the home of these petitioners. The children relate to both petitioners as parents. It is apparent that both adoptive parents intend to remain living together or in very close proximity, affording the siblings frequent contact. The designated legal adoptive parent makes little difference to the children from their perspective. It is apparent to the court that these adoptive parents are committed to living together and to providing a single home to all three children. Although this court might have decided to grant the adoption of all three children to one or the other of these two petitioners, it is persuaded that the petitioners are sufficiently committed to each other and to the best interests of all the children to justify the grant of a joint adoption. The petitions are, therefore, granted.

 The petitioners’ surnames, although both begin with the letter J, are different.